[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE DATED AUGUST 25, 1997
The plaintiff, the Commissioner of environmental protection of the State of Connecticut, filed a complaint pursuant to General Statutes § 22a-6 (a) (3) seeking injunctive relief and an order imposing penalties against the defendant, Joseph Spezzano. The cause of action arises out of the defendant's alleged violation of General Statutes § 22a-427, a statute prohibiting a person from polluting the waters of the state, and of General Statutes § 22a-430, a statute prohibiting any person from discharging water or material into the waters of the state without a permit for such discharge.
The defendant filed an answer and six special defenses to the plaintiff's complaint. The plaintiff moves to strike the defendant's third, fourth and fifth[1] special defenses by motion dated August 25, 1997.
"The purpose of a motion to strike is to contest . . . the CT Page 396 legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Faulkner v.United Technologies Corp. , 240 Conn. 576, 580. In ruling on a motion to strike, the trial court should recognize its obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bankv. Douglas, 221 Conn. 530, 536.
If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." R.K. Constructors. Inc. v. Fusco Corp. , 231 Conn. 381,384. The allegations of a complaint subject to a motion to strike are entitled to the same favorable construction a trier would be required to give in admitting evidence under them.Faulkner v. United Technologies Corp. , supra, 240 Conn. 588. The same principle applies to the allegations of a special defense.
Regarding the defendant's third special defense, the defendant should have an opportunity to present evidence to the trier of fact for a determination of whether an application of the facts to the statute supports a finding that the statute is unconstitutional as applied to this defendant.
The plaintiff's motion to strike the third special defense is denied.
In his memorandum in opposition to this motion, the defendant failed to brief his objection to the motion to strike the fourth and sixth special defenses. An issue not briefed is deemed abandoned. State v. Gaines, 196 Conn. 395, 398 n. 2;Katsetos v. Nolan, 170 Conn. 637, 641.
Accordingly, the plaintiff's motion to strike the fourth and sixth special defenses is granted.
Barry, J.